# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO AYALA, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 20-cv-02383-BAS-KSC <br><br> **ORDER DENYING MOTION TO REMAND (ECF No. 5)** |

Presently before the Court is Plaintiff Leonardo Ayala's Motion to Remand this action to state court. (ECF No. 5.) On December 7, 2020, Defendant Ford Motor Company ("Ford") removed this matter to federal court based on diversity jurisdiction. (ECF No. 1.) Plaintiff contests removal arguing that Ford did not adequately prove diversity of citizenship and that the minimum amount in controversy to satisfy diversity jurisdiction under 28 U.S.C. § 1332 is not met. (Mot. to Remand 1:11–20.)

The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L. R. 7.1(d)(1). For the following reasons, the Court finds removal was appropriate and **DENIES** Plaintiff's Motion to Remand.

## I. BACKGROUND

On October 22, 2020, Plaintiff commenced this lawsuit in San Diego Superior Court asserting claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), specifically California Civil Code sections 1793 and 1794. (Compl., Notice of Removal Ex. A, ECF No. 1–3.) Plaintiff's Complaint alleges he purchased/leased a 2019 Ford Mustang ("Vehicle") on or about December 8, 2018. (*Id.* ¶ 4.) Plaintiff further alleges the Vehicle "contained or developed nonconformity(s)" constituting a breach of Defendant's express warranty accompanying the Vehicle. (*Id.* ¶ 6.) Additionally, Plaintiff alleges Defendant willfully failed to comply with its obligations to service or repair the Vehicle under the Vehicle's express warranty. (*Id.* ¶ 10.) In his Complaint, Plaintiff did not include a specific dollar amount for damages, but alleges he is seeking restitution, civil penalties, consequential and incidental damages, reasonable attorney's fees, prejudgment interest, and any other relief the Court may deem proper. (*Id.* at 6.) Ford is "a corporation organized under the laws of the state of Delaware with its principal place of business in Michigan." (Notice of Removal ¶ 18, ECF No. 1.)

On October 22, 2020, Ford filed its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. (*Id.* at 1.) On January 6, 2021, Plaintiff filed a motion to remand the action to state court. (Mot. to Remand 1.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations omitted). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a).

In order to invoke a district court's diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28

U.S.C. § 1332; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *see also Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010) ("[I]n a case that has been removed from state court to federal court . . . on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper.").

### III. ANALYSIS

Both the complete diversity requirement and the amount in controversy requirement are at issue here. (Mot. to Remand 1.) Plaintiff claims that Ford did not adequately allege that there is complete diversity of citizenship, as Ford did not prove by a preponderance of the evidence that Plaintiff is a California citizen. (*Id.* 4:23–24.) Additionally, Plaintiff argues the amount in controversy is not met because Ford incorrectly includes civil penalties in its calculations. (*Id.* 6:26–28.) The Court rejects both of these arguments.

#### A. Diversity of Citizenship

"When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1955)). Complete diversity exists where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc.*, 519 U.S. at 68. When removing a case, defendants are "merely required to allege (not to prove)" the citizenship of the parties. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, the Court must determine if Defendant adequately alleged that Plaintiff is a citizen of California.

Ford is a citizen of Delaware and Michigan. (Notice of Removal ¶ 18.) In the Notice of Removal, Ford states that Plaintiff is "a citizen and resident of California," (*id.* ¶ 17), and provides a purchase order that lists Plaintiff's address in Spring Valley, California as evidence, (*id.* Ex. D). This is enough to adequately allege diversity of citizenship exists. *See Kanter*, 265 F.3d at 857.

1 | Plaintiff contends Ford did not prove he is a citizen of California by a preponderance of the evidence. (Mot. to Remand 4:23–24.) However, to remove to federal court, Ford merely had to affirmatively allege that diversity of citizenship exists. *See Kanter*, 265 F.3d at 857. If Plaintiff contests the truth of the allegation, then Ford may be required to provide more evidence. *See McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Plaintiff, however, is only asserting that Ford did not meet the pleading requirement. (Mot. to Remand 4:23–24.) Plaintiff never asserted that he is not in fact a California citizen. Therefore, Ford only had to meet the initial requirement and simply allege diversity exists. Thus, the Court finds Ford adequately alleged complete diversity of citizenship.

**B.     Amount in Controversy**

**1.     Framework for Determining Potential Damages**

Plaintiff claims Ford did not adequately prove that the requisite amount in controversy for diversity jurisdiction is met. (Mot. to Remand 1:11–13.) To assert the amount in controversy in the removal notice, a "short and plain" statement need not contain evidentiary submissions and must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84, 89 (2014). If the plaintiff challenges the defendant's asserted amount in controversy, both sides submit proof and the court must find by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 88 (quoting 28 U.S.C. § 1446(c)(2)(b)); *see also Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700–01 (9th Cir. 2018) ("The preponderance of the evidence standard applies only after 'the plaintiff contests, or the court questions, the defendant's allegation' and 'both sides submit proof.'"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (holding that when a complaint "is unclear and does not specify 'a total amount in controversy,' the proper burden of proof . . . is proof by a preponderance of the evidence").

Further, if the existence of diversity jurisdiction depends on the amount in controversy, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). If not, a court may consider facts in the removal notice, and it may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.*

The amount in controversy is "not a prospective assessment of [a] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Rather, it is the "amount at stake in the underlying litigation." *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

As stated above, Plaintiff is seeking restitution, consequential and incidental damages, civil penalties, and attorney's fees. (Compl. 6:1–10.) Restitution and incidental damages under the Song-Beverly Act include official fees associated with the sale of the vehicle (e.g. sales tax, license fees, and registration fees) and reasonable expenses incident to the vehicle problem (e.g. reasonable repair, towing, and rental car costs). Cal. Civ. Code § 1793.2(d)(2)(B). Plaintiff does not allege the specific amount sought with respect to these damages. (*See* Compl. 6:1–10.) Therefore, in accordance with *Dart Cherokee*, the Court must find by a preponderance of the evidence that the amount in controversy asserted by Plaintiff exceeds the jurisdictional threshold. *See* 574 U.S. at 88.

## 2. Assessment of Potential Damages

Defendant alleges that Plaintiff is seeking more than $88,815.00 in monetary damages and civil penalties, not including compensatory damages or attorney's fees. (Notice of Removal ¶ 15.) Plaintiff's Motion to Remand argues that this case fails to meet the amount in controversy requirement because civil penalties should not be included in the jurisdictional amount. (Mot. to Remand 6:26–28.)

When actual and punitive damages are recoverable under a complaint's allegations, each must be considered in determining the amount in controversy. *Bell*, 320 U.S. at 240. Courts include civil penalties under the Song-Beverly Act in the amount in controversy, acknowledging that these penalties are sufficiently akin to punitive damages. *E.g.*, *Brady*, 243 F. Supp. 2d at 1009 (finding that civil penalties under § 1794(c) are similar to punitive damages such that they "are properly included in the amount in controversy" (citing *Suman v. Superior Court*, 39 Cal. App. 4th 1309, 1317 (1995))); s*ee also Chabner*, 225 F.3d at 1046 n.3 (noting that treble damages authorized by state statute could have been taken into account when determining the amount in controversy); *cf. Romo*, 397 F. Supp. 2d at 1240 (holding civil penalties available under the Song-Beverly Act could be considered in determining whether consumer satisfied amount in controversy requirement under Magnuson-Moss Warranty Act for federal question jurisdiction). Therefore, the Court considers Plaintiff's claim for civil penalties when assessing whether the amount in controversy is met in this case.

Here, Plaintiff alleges Ford willfully failed to comply with its obligations under the Vehicle's express warranty. (Compl. ¶ 17.) Thus, Plaintiff seeks civil penalties under California Civil Code section 1794, which states that if the buyer establishes that the failure to comply was willful, the judgment may include a civil penalty of up to two times the amount of actual damages. (*Id.* at 6.) Plaintiff's alleged actual damages include restitution for the entire purchase price of the Vehicle pursuant to California Civil Code section 1794(b)(1). (*Id.* ¶ 16.) Plaintiff allegedly leased a 2019 Ford Mustang with a total purchase price of $29,605.00. (Notice of Removal Ex. D.) This is reduced to $26,818.18 due to the

statutory offset for miles driven prior to the first repair. *See* Cal. Civ. Code § 1792(d)(2)(C). *See infra* Part III.C.1. It follows then that should Plaintiff prevail, exclusive of incidental damages and restitution, a civil penalty of up to $53,636.36—two times his actual damages of $26,818.18–can be awarded. *See* Cal. Civ. Code § 1794(e)(1). The civil penalty claim for twice the actual damages alone implicates more than the difference of $48,181.82 between the claim for restitution based on the cost of the Vehicle—$26,818.18—and the jurisdictional threshold—$75,000.00. Taking together Plaintiff's claim for at least $26,818.18 in actual damages and $53,636.36 in civil penalties, the Court accepts Defendant's calculation that Plaintiff is seeking relief in excess of $80,454.54, therefore exceeding the threshold jurisdictional amount.[1]

Further, Plaintiff alleges that he is entitled to the full "civil penalty of two times Plaintiff's actual damages," and not simply up to that amount. (Compl. ¶ 10.) Therefore, Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination. More broadly, the Court also is persuaded by comparable decisions that consider the maximum amount of civil penalties because that is what has been placed into controversy. *E.g.*, *Verastegui v. Ford Motor Co.*, No. 19-cv-04806-BLF, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020); *see also Theis Rsch.*, 400 F.3d at 662; *cf. Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to [the] plaintiff.").

Overall, the Court is convinced by a preponderance of the evidence that Plaintiff's claim for damages, attorney's fees, and civil penalties meets the jurisdictional threshold.

---

[1] Moreover, Plaintiff's potential actual damages are even higher than $26,818.18. As mentioned, these damages may include not only restitution based on the Vehicle's price, but also incidental damages. *See* Cal. Civ. Code § 1793.2(d)(2)(B).

## C. Plaintiff's Contentions

Although Plaintiff's allegations and Ford's evidence indicate that the amount in controversy exceeds $75,000, Plaintiff offers several more nuanced arguments for why the jurisdictional threshold has not been met and remand is otherwise appropriate. To avoid any doubt, the Court will address these arguments below.

### 1. Restitution Offset

Plaintiff contends that Ford does not account for "significant statutory offsets" that lower the amount in controversy below the jurisdictional amount. (Mot. to Remand 7:3–6.) However, the statutory offset provided by the Song-Beverly Act does not lower the amount in controversy below the required jurisdictional amount. To calculate the statutory offset, the purchase price of the vehicle is multiplied by the number of miles driven at the first repair attempt, and that number is divided by 120,000. Cal. Civ. Code § 1792(d)(2)(C). Here, the purchase price is $29,605.00. (Notice of Removal Ex. D.) The number of miles driven at the first repair attempt is 11,296 (11,313 miles presented minus 17 miles driven at the time of purchase).[2] (Rose Decl. at ¶ 13, Ex. 2.) The purchase price, $29,605.00, multiplied by 11,296 miles, then divided by 120,000, comes out to $2,786.82. Thus, the statutory offset only reduces the potential actual damages to $26,818.18, and accordingly lowers the maximum amount of civil penalties to $53,636.36. This brings the total amount of damages to $80,454.54, which is still above the $75,000 threshold—without considering incidental damages or attorney's fees. Therefore, the statutory offset

---

[2] Plaintiff objects to Ford's introduction of a repair order that notes the Vehicle's mileage, arguing the document lacks authentication and contains hearsay. (ECF No. 12-2.) The Court overrules Plaintiff's objections. The same repair order was produced with Plaintiff's initial disclosures, and there is no indication that the Vehicle's mileage could not be presented in a form that would be admissible in evidence. (Rose Decl. ¶¶ 12–13, Exs. 1–2, ECF No. 10-1.) *See Singer*, 116 F.3d at 377 (noting the court can consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal"); Fed. R. Civ. P. 56(c)(2) (providing "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"); *see also United States v. Ceballos*, 789 F.3d 607, 618 (5th Cir. 2015) (characterizing the burden to authenticate a document as "low"); *cf. In re Greenwood Air Crash*, 924 F. Supp. 1511, 1514 (S.D. Ind. 1995) ("Production of a document by a party constitutes an implicit authentication of that document.").

does not lower the estimated damages enough to bring it below the required amount in controversy, and jurisdiction is still proper.

### 2. Burden to Show Alleged Civil Penalties

Even if civil penalties may be included in the amount in controversy, Plaintiff argues that since the facts in the complaint do not "necessarily compel the conclusion that civil penalties are inevitable," these damages are speculative and should not be included in the amount in controversy. (*See* Mot. to Remand 8:6–7.) The court in *Eberle v. Jaguar Land Rover North America, LLC*, and several courts in this district have noted in Song-Beverly Act cases that the removing party must make some effort to justify the assumption that civil penalties will be awarded in order for the penalties to be included in the amount in controversy. No. 2:18-cv-06650-VAP-PLA, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018); *see also Zawaideh v. BMW of N. Am., LLC*, No. 17-cv-2151-W-KSC, 2018 WL 1805103, at *2–3 (S.D. Cal. Apr. 17, 2018) (evaluating two district court decisions to conclude there was an inadequate showing that penalties would be awarded when assessing the amount in controversy where actual damages at issue were $14,470). These cases indicate that removing parties should justify the assumption of civil penalties by pointing to allegations in the complaint and providing judgments from similar cases regarding the likely amount of penalties. *See Herko v. FCA U.S. LLC*, No. 19-cv-2057-JLS-WVG, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019) (citing *Zawaideh* to find defendant failed to show some justification that civil penalties would be appropriate and where the total sale price of the vehicle was $54,393.84); *Castillo v. FCA U.S. LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (citing *Herko* and *Zawaideh* to find similarly where actual damages contended by defendant were $26,131.31).[3]

The Ninth Circuit, however, has held that a "defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias*, 936 F.3d at 922; *Ibarra v.*

---

[3] Relatedly, other courts in this district have also concluded that civil penalties are more inherently included in the amount in controversy. *See Ferrer v. FCA U.S. LLC*, No. 17-cv-0530-AJB-BGS, 2017 WL 2875692, at *3 (S.D. Cal. July 6, 2017) (including civil penalties under the Song-Beverly Act in

*Manheim Invs., Inc.*, 775 F.3d 1193, 1197–99 (9th Cir. 2015) ("[E]vidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions."). Further, assumptions made part of the defendant's chain of reasoning do not need to be proven; they instead must only have "some reasonable ground underlying them." *Arias*, 936 F.3d at 927 (quoting *Ibarra*, 775 F.3d at 1199).[4]

Here, Ford's assumption that the amount in controversy includes the maximum amount of civil penalties is reasonable. Initially, this assumption is founded on the allegations of the Complaint. *See id.* at 925 ("An assumption may be reasonable if it is founded on the allegations of the complaint."). As stated above, Ford points to Plaintiff's allegation that he is entitled to "a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c)." (Compl. ¶ 10.) Plaintiff also alleges Ford's failure to comply with the warranty was willful because "Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution." (*Id.*) *See also Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 136 (1995) (noting that in determining willfulness, the jury can consider factors including whether the manufacturer knew the vehicle had not been repaired and whether the manufacturer had a written policy on Song-Beverly's requirement to repair or replace a vehicle).

Accordingly, the Court rejects Plaintiff's argument that Ford fails to demonstrate that the maximum potential civil penalties may be included in the amount in controversy

---

calculating the amount in controversy where actual damages at issue were $27,810.29); *see also Locher v. Thor Motor Coach, Inc.*, No. 3:17-cv-01804-GPC-MDD, 2017 WL 6016114, at *4 (S.D. Cal. Dec. 5, 2017) (noting that courts calculate the amount in controversy based upon the maximum amount of civil penalties available to the plaintiff where the value of the rescission claim was $65,363.29).

[4] *See Lewis*, 627 F.3d at 400 ("To establish the jurisdictional amount . . . Defendant here need only "bear the burden to show that its estimated amount in controversy relie[s] on reasonable assumptions."); *see also, e.g.*, *Cortez Martinez v. Ford Motor Co.*, No. 18-cv-01607-LJO-JLT, 2019 WL 1988398, at *2 (E.D. Cal. May 6, 2019); *cf. Tremper v. FCA U.S. LLC*, No. 20-cv-00828-HSG, 2020 WL 2991585, at *2 (N.D. Cal. June 4, 2020) (finding defendant's assumption unreasonable in a Class Action Fairness Act case).

calculation. Because Ford has adequately shown that these penalties are part of "the amount at stake" in the litigation, they are properly considered as part of "the amount in controversy for purposes of diversity jurisdiction." *See Theis Rsch.*, 400 F.3d at 662; *see also Arias*, 936 F.3d at 927.

### 3. Comity

Lastly, Plaintiff contends that comity principles weigh in favor of remand. (Mot. to Remand 11:1.) The constitutionality of removal is well-settled law. *Tennessee v. Davis*, 100 U.S. 257, 258 (1879). When the defendant seeks to remove on the basis of diversity or a federal question, the removal will stand if either ground is well taken. *Great N. Ry. Co. v. Galbreath Cattle Co.*, 271 U.S. 99, 101 (1926). Therefore, the Court rejects Plaintiff's argument that comity principles weigh in favor of remand. *See BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring) ("[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims. District courts sitting in diversity therefore lack the option of refusing state law claims out of consideration for 'judicial economy, convenience, fairness, and comity.'" (citation omitted) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997))).

## IV. CONCLUSION

For the foregoing reasons, Ford has adequately alleged that diversity of citizenship exists and has shown by a preponderance of the evidence that the jurisdictional amount in controversy here has been met, therefore satisfying the requirements for diversity jurisdiction under 28 U.S.C. § 1332. Thus, Defendant has properly removed this action to this Court pursuant to 28 U.S.C. § 1441(a). The Court consequently **DENIES** Plaintiff's Motion to Remand (ECF No. 5).

**IT IS SO ORDERED.**

**DATED: June 28, 2021**

Hon. Cynthia Bashant
United States District Judge